UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| EDUARDO UNTALASCO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16-cv-0672 (KBJ) |
| LOCKHEED MARTIN CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM OPINION

More than one year after the applicable three-year statute of limitations period expired, pro se Plaintiff Eduardo Untalasco ("Untalasco") filed a claim in this Court against Defendant Lockheed Martin Corporation ("Lockheed") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 18 U.S.C. §§1001–1461. On March 31, 2017, this Court issued an order that **GRANTED** Lockheed's Motion to Dismiss Untalasco's complaint and **DISMISSED** his action. (*See* Order Granting Motion to Dismiss, ECF No. 16.) This Memorandum Opinion explains the reasons for that order. In short, this Court agrees with Lockheed that Untalasco's complaint is untimely and that none of Untalasco's proffered explanations authorize this Court to excuse that procedural defect.

## I.  BACKGROUND

The basic facts of this matter—which are drawn from Untalasco's Amended Complaint (*see* Am. Compl., ECF No. 6) and the attachments thereto—are as follows. Untalasco is the brother of Noemi D. Untalasco ("the Decedent"), who died on February

22, 2010. (*See* Annex A to Am. Compl. ("2012 Appeal Denial Letter"), ECF No. 6 at 5; Annex D to Am. Compl., ECF No. 6 at 7.)[1] The Decedent was an employee of Lockheed and had a deferred vested pension benefit under a Lockheed employee pension plan. (*See* 2012 Appeal Denial Letter.) Just before her death, the Decedent requested that Lockheed begin paying her pension benefits effective February 1, 2010, and she signed a form to that effect on January 31, 2010. (*See id.*; Ex. 1 to Am. Compl., ECF No. 6 at 3.) Lockheed contends that it did not receive the signed benefit election form before its February 7, 2010, expiration date (*see* Annex B to Am. Compl. ("2010 Denial Letter"), ECF No. 6 at 6), and as a result, Lockheed ultimately denied Untalasco's subsequent claim for his sister's pension benefits (which he brought on behalf of their mother). Lockheed's denial letter was dated January 3, 2012 (*see* 2012 Appeal Denial Letter); Untalasco filed an ERISA complaint in this Court on March 7, 2016—more than four years later—seeking to challenge Lockheed's denial of the request for benefits. (*See* Compl., ECF No. 1, at 1.)[2]

On June 13, 2016, Lockheed filed a motion for a more definite statement, arguing that Untalasco's handwritten complaint was so vague that Lockheed could not reasonably prepare a response. (*See* Mem. in Supp. of Def.'s Mot. for a More Definite Stmt., ECF No. 4-1, at 1.) Thereafter, Untalasco filed (1) a document entitled "Motion

---

[1] Page numbers herein refer to those that the Court's electronic case-filing system automatically assigns.

[2] The Clerk's Office received Untalasco's complaint challenging Lockheed's determination on March 7, 2016, along with an application to proceed *in forma pauperis* ("IFP"). (*See* Compl.; Application to Proceed IFP, ECF No. 2.) The Court approved the IFP application on April 6, 2016 (*see* Fiat Order of April 11, 2016), and docketed that order along with Untalasco's complaint on April 11, 2016 (*see* Compl.; Application to Proceed IFP).

to Commence Judicial Review of Case," which this Court construed as an amended complaint (*see* Am. Compl.), and (2) a response to the motion for a more definite statement and a supplement thereto (*see* Pl.'s Resp. to Def.'s Mot. for a More Definite Stmt., ECF No. 8; Suppl. to Pl.'s Resp. to Def.'s Mot. for a More Definite Stmt., ECF No. 9).

On August 22, 2016, Lockheed moved to dismiss Untalasco's Amended Complaint, arguing that his lawsuit is untimely because Untalasco filed it more than three years after Lockheed denied his appeal. (*See* Def.'s Mot. to Dismiss ("Def.'s Mot"), ECF No. 11; Def.'s Mem. at 3–5.) In Untalasco's response to Lockheed's motion to dismiss, Untalasco agrees that his complaint is untimely, but argues that the Court should allow his suit to proceed nevertheless because, as a pro se litigant, he is "inadept [sic] to ERISA 3-year Statute of Limitations[,]" and that his 14-month delay "can be cured leniently by the court liberally for my position as Pro Se (Unrepresented)." (Pl.'s Resp. to Def.'s Mot. ("Pl.'s Opp'n"), ECF No. 14, at 1.) Untalasco further maintains (without citation or explanation) that "[t]he Six Year Statute of Limitations and the Doctrine of Laches apply here." (*Id.* at 2.) Untalasco also filed another document entitled "Inclusion of Plaintiff's Supplement, etc.[,]" in which he argues that "my sister has finished [her] contract with defendant [and] thus[] [is] entitled to all the rights and prerogatives as a <u>retired</u> employee of the defendant." (Inclusion of Pl.'s Suppl. ("Pl.'s Inclusion"), ECF No. 13, at 1 (emphasis in orginal).)

Lockheed's motion to dismiss became ripe and ready for this Court's review on October 25, 2016. (*See* Def.'s Reply in Supp. of Def.'s Mot., ECF No. 15.) This Court

3

issued an Order granting Lockheed's motion and dismissing Untalasco's complaint on March 31, 2017.  (*See* Order, ECF No. 16.)

## II. LEGAL STANDARD

### A. Motions To Dismiss Under Federal Rule Of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss a complaint on the grounds that the complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133 (D.D.C. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[M]ere conclusory statements" are insufficient to make out a cause of action against a defendant, *Iqbal*, 556 U.S. at 678, and to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. Application Of The Pleading Rules To Pro Se Parties

When evaluating the pending motion to dismiss, this Court must be mindful of the fact that Untalasco is proceeding in this matter pro se.  It is well established that the pleadings of pro se parties are to be "liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

curiam) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, it is also quite clear "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).  Thus, although a pro se complaint "must be construed liberally, the complaint must still present a claim on which the Court can grant relief." *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013) (internal quotation marks and citation omitted); *see Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (noting that "[e]ven a pro se plaintiff's inferences . . . need not be accepted" if they "are unsupported by the facts set out in the complaint" (internal quotation marks and citation omitted)); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (explaining that a pro se complaint must state a claim upon which relief can be granted).

## III. ANALYSIS

Lockheed has moved to dismiss Untalasco's complaint on the grounds that lawsuits arising from a denial of a claim for ERISA benefits are subject to a three-year limitations period, and Untalasco admits that he commenced his suit outside of this window.  As explained fully below, this Court has granted Lockheed's motion to dismiss because it agrees that Untalasco's complaint is untimely, and because Untalasco has not established any basis for this Court to toll the limitations period.

5

### A. Untalasco's Claims Are Untimely Because He Filed His Complaint Outside The Applicable Three-Year Statute of Limitations.

"A participant in an employee benefit plan covered by [ERISA] may bring a civil action under § 502(a)(1)(B) to recover benefits due under the terms of the plan." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 608 (2013) (citing 29 U.S.C. § 1132(a)(1)(B)). Section 502 does not specify a time within which such a civil action must be filed, *see id*. at 610; however, courts generally "borrow the most closely analogous statute of limitations from the state in which the court sits." *Pettaway v. Teachers Ins. & Annuity Ass'n of Am.*, 547 F. Supp. 2d 1, 4 (D.D.C. 2008) (quoting *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 341 (D.C. Cir. 1991)). Thus, when presented with ERISA Section 502 claims, "courts in this district have applied the District of Columbia's three-year statute of limitations for breach-of-contract actions[.]" *Virtue v. Int'l Bhd. of Teamsters Ret. & Family Prot. Plan*, 997 F. Supp. 2d 10, 15–16 (D.D.C. 2013), *aff'd*, 584 F. App'x 3 (D.C. Cir. 2014). Courts have further held that, when a suit challenges the denial of a claim for ERISA benefits, the statute of limitations begins to run when the plan administrator denies the claim at issue. *See id.* at 16 (noting that while a claim typically does not accrue until a plaintiff discovers, or should have discovered the claim, "'[i]n the ERISA context, the discovery rule has been 'developed' into the more specific 'clear repudiation' rule whereby a non-fiduciary cause of action accrues when a claim for benefits has been denied'") (quoting *Miller v. Fortis Benefits Ins. Co*., 475 F.3d 516, 520–21 (3d Cir. 2007)).

Here, it is undisputed that Lockheed denied Untalasco's benefits appeal on January 3, 2012, and therefore, the statute began to run at that time. (*See* 2012 Appeal

6

Denial Letter.) The Clerk's Office received Untalasco's mailed complaint on March 7, 2016—more than four years later. (*See* Compl.) Consequently, as Untalasco readily admits, he has brought his ERISA claim well outside the three-year limitations period that ordinarily applies to such claims, which means that his claim is untimely. *See, e.g.*, *Mirabile v. Life Ins. Co. of N. Am.*, 293 F. App'x 213, 215 (4th Cir. 2008) (per curiam) (affirming grant of summary judgment for the defendant where the plaintiff's "claim accrued on May 31, 2002, when [the defendant] upheld its earlier decision to terminate her benefits[, and the plaintiff] filed suit on September 11, 2006, over four years after the accrual of her claim and beyond the applicable three-year limitations provision contained in the Policy").[3]

### B. Untalasco Has Not Established Any Basis For Tolling The Statute of Limitations

Although the statute of limitations may be tolled under certain circumstances, "the *general* rule that one can glean from [precedent] is that courts should apply the [District of Columbia] statute of limitations strictly, even though barring actions often seems arbitrary and inequitable." *Carter v. WMATA*, 764 F.2d 854, 858 (D.C. Cir. 1985) (emphasis in original); *see also Atiba v. Wash. Hosp. Ctr.*, 43 A.3d 940, 941 (D.C. 2012) (providing that statutes of limitation "are strictly construed in accordance with their terms"). The District of Columbia permits a statute to be tolled only in limited circumstances, such as when a defendant engages in "affirmative acts. . . to fraudulently conceal either the existence of a claim or facts forming the basis of a cause

---

[3] To the extent that Untalasco maintains that a six-year statute of limitations applies to his action (*see* Pl.'s Opp'n at 2), he provides no authority for this proposition, and the Court is not aware of any.

of action[,]" *Drake v. McNair*, 993 A.2d 607, 619 (D.C. 2010); where the plaintiff is disabled and "*non compos mentis* at the time a substantial portion of her right of action accrued," *McCracken v. Walls-Kaufman*, 717 A.2d 346, 355 (D.C. 1998); or where the defendant engages in conduct "that would tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed by the statute to run[,]" *Daniels v. Potomac Elec. Power Co.*, 100 A.3d 139, 142 (D.C. 2014) (internal quotation marks and citation omitted).

None of these accepted grounds for tolling the statute of limitations exists here. Furthermore, none of the grounds that Untalasco identifies in his various filings—(1) the merits of his claim for benefits, (2) his status as a pro se litigant, and/or (3) the doctrine of laches—provides any basis for this Court to depart from strict application of the District's three-year limitations period. Untalasco cites no authority for his contention that the Court can excuse compliance with ERISA's statute of limitations because, in his view, his sister was entitled to retirement benefits, and that therefore his claim has legal merit. (*See* Pl.'s Inclusion at 1.) Indeed, it is well-established that the statute of limitations bars even meritorious claims that have become stale due to the passage of time. *Cf. Rudder v. Williams*, 47 F. Supp. 3d 47, 52 (D.D.C. 2014) ("'Statutes of limitations . . . represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (alteration in original)).

Untalasco's argument that he should be excused from the statute of limitations because of his status as a pro se litigant (*see* Pl.'s Opp'n at 1) fares no better. It is clear beyond cavil that "'litigants who proceed without counsel are not excused from following procedural rules'" such as the statute of limitations. *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 98 (D.D.C. 2015) (quoting *Eberhardt v. Brown*, 580 F. App'x 490, 491 (7th Cir. 2014)); *see also United States v. Allen*, No. 03-cr-0557-1 (PLF), 2016 WL 4099037, at *2 (D.D.C. Aug. 2, 2016) ("[F]ailure to meet the statutory deadline due to pro se representation is not a circumstance in which it is appropriate to toll the statute of limitations.") (internal quotation marks and citation omitted). Moreover, even pro se plaintiffs have a fair opportunity to act timely in response to a perceived harm in the ERISA context, because "the statute of limitations begins to run when the plaintiff discovers the harm—here, that he would not be receiving the appropriate benefits." *Virtue*, 997 F. Supp. 2d at 18.

Notably, even if a pro se litigant's failure to file a timely ERISA complaint could be excused as a matter of law based on the plaintiff's unawareness of the ERISA claim, the facts here do not support Untalasco's contention that he learned of the ERISA claim only "by coincidence" and "commenced the complaint (Petition for Judicial Review)" as soon as he discovered it. (Pl.'s Opp'n at 1.) The record clearly establishes that, although Untalasco was seeking to recover his late sister's benefits, it was Untalasco *himself* who was pursing the claim for benefits with Lockheed from the outset. (*See* 2012 Appeal Denial Letter (denying the claim for benefits in a letter *addressed to Untalasco* that was sent to him two years after his sister had died).) Furthermore, the benefits denial letter specifically informs Untalasco of his right to file suit under

9

ERISA § 502(a).  (*Id.*)  It defies logic that, until 2016, Untalasco was somehow unaware of the ERISA claim that he had been personally and actively pursuing since 2010.

Nor does Untalasco's assertion that a "Six Year Statute of Limitation and the Doctrine of Laches apply in here" save his claim.  (Pl.'s Opp'n at 2.)  In the first place, Untalasco cites no statutory or other legal basis for the application of a six-year statute of limitations to his claim for ERISA benefits.  (*See id*; *see also supra* n.3.)  Rather, the law is clear that the governing limitations period in this jurisdiction for a claim under ERISA § 502(a) is three years.  *Virtue*, 997 F. Supp. 2d at 15–16.  What is more, the equitable doctrine of laches, which "'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense[,]'" has no application in this case.  *Pro-Football, Inc. v. Harjo*, 415 F.3d 44, 47 (D.C. Cir. 2005) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121–22 (2002)).  Laches is a defense that "bars relief to those who delay the assertion of their claims for an unreasonable time[,]" *N.A.A.C.P. v. N.A.A.C.P. Legal Def. & Educ. Fund, Inc.*, 753 F.2d 131, 137 (D.C. Cir. 1985), but, here, Untalasco is the party who is affirmatively making a claim, not Lockheed.  And if Untalasco is somehow seeking to assert the doctrine of laches to bar Lockheed's statute of limitations defense, his intention is misguided, because it is clear on this record that Lockheed diligently asserted the statute of limitations in its pre-answer motion to dismiss.  (*See* Def.'s Mem. at 3–5.)

## IV. CONCLUSION

Untalasco initiated this lawsuit outside the governing three-year limitations period, such that his claims are now time-barred, and he has not established any basis on which this Court could toll the limitations period, despite his status as a pro se litigant. Thus, as reflected in the Court's prior Order, Lockheed's [11] Motion to Dismiss has been **GRANTED** and Untalasco's complaint **DISMISSED**.

DATE: April 18, 2017

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge